IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TERRY C. MALIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. No. 10-943-SLR |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| and ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

Terry C. Malin. Pro se petitioner.

Maria Knoll, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

July 1, 2013
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is Terry Malin's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 1) For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

At noon on September 4, 2006, sixty-year old Martha Oxford was watching television at her home in New Castle, Delaware, when petitioner knocked on her door. Oxford recognized petitioner as the son of a handyman who had done work for her over the years. When Oxford answered the door, petitioner told her that his car had broken down, and he asked to use the telephone. Oxford let petitioner into her residence and, once inside, petitioner attacked her, tied her hands behind her back with a rope, and put his belt around her neck. Petitioner attempted without success to penetrate Oxford's vagina and/or anus with his penis. He then tightened the belt around her neck until she lost consciousness. *See Malin v. State*, 3 A.3d 1098 (Table), 2008 WL 438717, at *2 (Del. Sept. 24, 2008).

When Oxford regained consciousness, she found that petitioner was still in her bedroom, rummaging through her belongings. Petitioner hog-tied Oxford and left, taking with him her car keys, cell phone and credit cards. Oxford went to the hospital where she was examined by a sexual assault nurse. *Id.*

Petitioner was arrested the following day in Maryland by the Maryland State Police. Petitioner was driving Oxford's car and had with him her cell phone and credit

cards. *Id.*

In October 2006, petitioner was indicted on one count of attempted first degree murder, first degree robbery, second degree burglary, and theft of a motor vehicle; two counts of attempted first degree rape; and four counts of possession of a deadly weapon during the commission of a felony. *Id.* at *1. Petitioner waived his right to a jury trial and proceeded to a bench trial on December 4, 2007. *Id.*

At trial, the sexual assault nurse who had examined Oxford testified that Oxford suffered from redness, swelling, and an abrasion in her vaginal/anal area. *Id.* at *2. According to the nurse, Oxford also suffered a traumatic injury to her left vocal cord and hemorrhaging of her eyes and throat, all of which were consistent with strangulation. *Id.*

Petitioner testified at trial, stating that he and Oxford engaged in consensual sexual activity at Oxford's residence. *Id.* He also stated that an intruder appeared while he was at Oxford's residence, demanding money from them for a previous drug sale, and that the intruder choked and robbed Oxford. *Id.*

On December 5, 2007, petitioner was found guilty of one count of attempted first degree rape, first degree assault (as a lesser included offense of attempted first degree murder), first degree robbery, second degree burglary, and four counts of possession of a deadly weapon during the commission of a felony. *Id.* at *1. The Superior Court sentenced him to a total of fifty-three years at Level V, followed by decreasing levels of supervision. *Id.* Petitioner appealed, and the Delaware Supreme Court affirmed his convictions on September 24, 2008. *Id.*

On March 9, 2009, petitioner filed in the Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion on September 9, 2009. (D.I. 14, *State v. Malin*, ID# 0609001649, Order, Scott, J. (Del. Super. Sept. 16, 2009)) Petitioner did not appeal that decision.

Petitioner's pending § 2254 application asserts four grounds for relief: (1) his speedy trial rights were violated; (2) the prosecutor engaged in misconduct; (3) trial counsel rendered ineffective assistance; and (4) he was denied a fair trial. The State filed an answer, asserting that the application should be denied as time-barred or, alternatively, as procedurally barred. (D.I. 12) The application is ready for review.

## III. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated October 2010, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Thus, the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed petitioner's conviction and sentence on September 24, 2008, and he did not seek certiorari review. Therefore, petitioner's conviction became final on December 23, 2008 and, to comply with the one-year limitations period, he had to file his § 2254 application by December 23, 2009. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner did not file the instant application until October 18, 2010.[1] Thus, the application is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court will discuss

---

[1] Applying the prison mailbox rule, the court adopts as the filing date the date on which petitioner signed the application, October 18, 2010. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing and, thus, of filing).

each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). In this case, seventy-five days of AEDPA's limitations period had already expired when petitioner filed his Rule 61 motion on March 9, 2009. The Superior Court denied the Rule 61 motion on September 16, 2009 and, although petitioner did not appeal that decision, the thirty- day appeal period is included in the tolling analysis. Thus, petitioner's Rule 61 motion tolled the limitations period from March 9, 2009 through October 16, 2009. The limitations clock started to run again on October 17, 2009, and ran the remaining 290 days without interruption until the limitations period expired on August 3, 2010. Therefore, the application is time-barred unless equitable tolling applies.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*;

*Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159.

Petitioner does not assert, and the court cannot discern, any reason justifying the application of the equitable tolling doctrine to the circumstances of his case. And, to the extent petitioner's untimely filing was the result of a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Accordingly, the court will dismiss the applicaTION as time-barred.[2]

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[2]The court's conclusion that the instant application is time-barred obviates the need to discuss the State's alternative reason for denying the application.

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.